# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF ST. LOUIS AND VICINITY, et al., ) ) ) Plaintiffs, ) ) v. ) ) CHARLES E. CURRIE, an individual, ) d/b/a C.C.G. CONSTRUCTION CO., ) ) Defendant. ) | No. 4:08-CV-1025 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for contempt against defendant Charles E. Currie, an individual d/b/a C.C.G. Construction Company. Plaintiffs' motion is accompanied by a memorandum in support and a Record of Non Appearance of defendant Currie.

**Background**

Plaintiffs Carpenters District Council of Greater St. Louis and Vicinity (the "Union") and the Trustees of its various Trust and Training Funds filed this action under Section 301(a)-(c) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(e)(1)and (f). The Complaint asserted that defendant Charles E. Currie, d/b/a C.C.G. Construction Co., was bound by the provisions of a collective bargaining agreement to forward to the Union amounts deducted from his employees' paychecks as union dues, submit a monthly statement showing the regular and overtime hours worked by each employee, and make the required payments through a stamp purchase plan. Plaintiffs asserted that defendant failed and refused to pay

the required contributions and submit the required monthly reports. The Complaint sought to require defendant to submit his books and records for an audit and accounting, and sought judgment for the delinquent contributions, interest, liquidated damages, accounting fees, attorney's fees and costs.

Defendant was served with summons and complaint on September 10, 2008, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On November 19, 2008, a Clerk's Entry of Default pursuant was issued pursuant to Rule 55(a), Fed. R. Civ. P. (Doc. 9), and the case was reassigned to the undersigned. (Doc. 10)

By Judgment dated November 25, 2008, the Court entered default judgment in favor of plaintiffs and against defendant Charles E. Currie, d/b/a C.C.G. Construction Co., in the total amount of Nine Thousand Two Hundred Seventy-Five Dollars and Thirty-Nine Cents ($9,275.49). (Doc. 12)

Plaintiffs noticed the post-judgment deposition of defendant Currie pursuant to Rules 69 and 37 of the Federal Rules of Civil Procedure to be taken on January 12, 2009, along with the simultaneous production of certain documents. Mr. Currie did not appear for his deposition and plaintiffs filed a motion to compel discovery on January 16, 2009. On January 20, 2009, the Court granted plaintiffs' motion to compel and ordered Mr. Currie to appear for a post-judgment deposition and produce the records requested in the Notice of Rule 69 Deposition and Request for Production of Documents counsel on February 16, 2009.

In the instant motion, plaintiffs state that Mr. Currie failed to appear for his scheduled deposition, as ordered, and did not produce any of the documents requested by plaintiffs and ordered by the Court. The Record of Non Appearance submitted in connection with plaintiffs' motion for contempt reflects that defendant failed to appear at the scheduled deposition. Plaintiffs now move to have defendant held in contempt of court for failing to appear at the deposition and to produce

records as ordered, and seek a monetary compliance fine of $200.00 for each day of defendant's noncompliance. Plaintiffs also seek attorney's fees and expenses incurred in filing the motion for contempt.

**Discussion**

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . ." Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997)

3

(ordering defendant to reimburse plaintiff for attorney's fees); <u>Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc.</u>, No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). In addition, incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. <u>See</u>, <u>e.g.</u>, <u>Marvin Steele Enters.</u>, <u>id.</u> (ordering that a bench warrant issue for the arrest of the individual defendants).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnor violated a court order. <u>Chicago Truck Drivers</u>, 207 F.3d at 504-05. Here, it is undisputed that defendant Currie did not appear for deposition and did not produce records as ordered. At this point, the burden shifts to defendant Currie to show an inability to comply with the Court's order. <u>Id.</u> A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, an alleged contemnor defending on the ground of inability to comply must establish that (1) he was unable to comply, explaining why "categorically and in detail;" (2) his inability to comply was not "self-induced;" and (3) he made "in good faith all reasonable efforts to comply." <u>Id.</u> at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Charles E. Currie is ordered to show cause why he should not be held in contempt of court for failure to appear for deposition and to produce records on February 16, 2009 as ordered by the Court on January 20, 2009.

**IT IS FURTHER ORDERED** that a hearing is set for Tuesday, **August 4, 2009,** at <u>11:00 a.m.</u> in Courtroom No. 12-N of the Thomas F. Eagleton United States Courthouse, at which defendant Charles E. Currie may show cause why civil contempt sanctions should not be imposed

4

against him for failure to comply with the Court's Order of January 20, 2009. Because incarceration is a possible civil contempt sanction, defendant Currie has the right to representation by counsel. Failure to appear for the hearing as ordered may subject defendant Currie to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that the United States Marshal's Service is directed to serve a copy of this Memorandum and Order on defendant Charles E. Currie, d/b/a C.C.G. Construction Co., at 2975 North Woodford, Decatur, Illinois 62526.

                                                                                           **CHARLES A. SHAW**
                                                                                           **UNITED STATES DISTRICT JUDGE**

Dated this __22nd__ day of June, 2009.